**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-15-08033-PCT-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Mario Robles, Jr., | |
| Defendant. | |

Defendant Mario Robles is in the custody of the Federal Bureau of Prisons ("BOP"). Proceeding pro se, he has filed a one-page letter that has been construed as motion to qualify for the First Step Act or the Second Chance Act. Doc. 102. The Federal Public Defender's Office has filed a notice stating that there is no basis for appointment of counsel. Doc. 103. The government has filed a response to the motion. Doc. 104. To the extent Defendant seeks affirmative relief from the Court, the motion will be denied without prejudice.

## I.    Background.

In March 2016, Defendant pled guilty to voluntary manslaughter in violation of 18 U.S.C. §§ 1112 and 1152. Docs. 80, 81. He was sentenced to 137 months in prison. Doc. 90. His appeal was dismissed pursuant to the appeal waiver in the plea agreement. Doc. 101; *see* Doc. 91 at 5.

1

Defendant is confined at the United States Penitentiary in Thomson, Illinois ("USP Thomson").  *See* Federal BOP, *Find an inmate*, https://www.bop.gov/mobile/find_inmate /byname.jsp#inmate_results (last visited Nov. 8, 2021).  His projected release date is March 2, 2025.  *See id.*

Defendant inquires as to whether he "qualif[ies] for either of the prison reform laws that have recently passed; the First Step Act or the Second Chance Act."  Doc. 102 at 1.

## II.     The First Step Act.

The First Step Act of 2018 ("FSA") amended 18 U.S.C. § 3582(c), which governs compassionate release of federal prisoners.  *See* Pub. L. No. 115-391, 132 Stat. 5194, at 5239-40 (2018); *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D.N.M. 2019).  Section 3582(c) previously provided for compassionate release only upon motion of the BOP.  *See id.*; *United States v. McCollough*, No. CR-15-00336-001-PHX-DLR, 2020 WL 2812841, at *1 (D. Ariz. May 29, 2020).  As amended by the FSA, § 3582(c) now permits motions for compassionate release by defendants.  *See id.*; *United States v. Baye*, No. 3:12-CR-00115-RCJ, 2020 WL 2857500, at *8 (D. Nev. June 2, 2020) (noting that the FSA "materially altered § 3582(c)(1)(A) as previously only the [BOP] Director could bring a motion for compassionate release").

A defendant may bring a motion for compassionate release under § 3582(c) only after (1) requesting the BOP to make such a motion on his behalf, and (2) exhausting all administrative appeals after the BOP has denied the request, or 30 days have elapsed after the warden received the request, whichever is earlier.  § 3582(c)(1)(A); *see also United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021) ("Joining the unanimous consensus of our sister circuits, we hold that § 3582(c)(1)(A)'s administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced[.]").  Specifically, the amended version of § 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that –
>
> (1) in any case –

(A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C §] 3553(a) to the extent that they are applicable, if it finds that –

(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).  "[T]he burden rests with the [d]efendant to provide proof that [he] has met the exhaustion criteria set forth in § 3582(c)(1)(A) and to establish that 'extraordinary and compelling reasons exists' to warrant [his] release."  *United States v. Packard*, No. 19CR3886-H, 2021 WL 4751173, at *2 (S.D. Cal. Oct. 12, 2021).

Defendant does not state whether he has attempted to satisfy § 3582(c)(1)(A)'s exhaustion requirement by having filed a request for compassionate release with the warden at USP Thomson.  *See* Doc. 102.  Nor has Defendant identified "extraordinary and compelling reasons" warranting compassionate release or a sentence reduction.  *See id.* Thus, the Court cannot presently grant Defendant relief under § 3582(c), as amended by the FSA.  Defendant's motion will be denied without prejudice to the extent he seeks relief under the FSA.  *See United States v. Anderson*, No. 2:07-CR-00096-KJM, 2021 WL 4206838, at *1 (E.D. Cal. Sept. 16, 2021) ("As Mr. Anderson did not exhaust his administrative remedies with the [BOP] before his renewed motion, the court denies his motion for compassionate release.").

## III.    The Second Chance Act.

The Second Chance Act of 2007 ("SCA") directs the BOP "to develop programs to help offenders eligible for release to transition back into the community and to reduce the chance that such offenders will commit additional crimes."  *United States v. Zapata Calderon*, No. 12-60059-CR, 2019 WL 8645878, at *1 (S.D. Fla. Mar. 14, 2019)) (citing 34 U.S.C. § 60501; *see* Pub. L. No. 110-199, 122 Stat. 657, § 3 (2008); *Kim v. United States*, No. CIV. 10-00197, 2010 WL 2813770, at *1 (D. Haw. July 14, 2010) (explaining

3

that the SCA "was enacted to, among other things, 'break the cycle of criminal recidivism' and 'rebuild ties between offenders and their families'") (citation omitted).[1]   The SCA also amended 18 U.S.C. § 3624(c) "to provide that the BOP 'shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.'" *Sacora v. Thomas*, 628 F.3d 1059, 1062 (9th Cir. 2010) (noting that "after enactment of the SCA, § 3624 governs the designation of prisoners to [residential reentry centers] for the final months of their sentences"); *see also Montes v. Sanders*, No. CV 07-7284 CJCMLG, 2008 WL 2844494, at *1 (C.D. Cal. July 22, 2008) (noting that the SCA amended § 3624(c) to "authorize[] the BOP to consider placing an inmate in an RRC for up to the final 12 months of his or her sentence, rather than the final six months that were available pre-amendment.").

Because Defendant is not presently serving the final year of his term of imprisonment, he is not eligible for early release to home confinement or a residential reentry center under the SCA.   Moreover, "[n]owhere within the [SCA] does it confer jurisdiction on the federal courts to order the [BOP] to release prisoners early or to admit them to particular programs." *Zapata Calderon*, 2019 WL 8645878, at *1; *see United States v. Calderon*, 801 F. App'x 730, 732 (11th Cir. 2020) ("We need not address the Government's argument that Calderon does not meet certain criteria in the [SCA] because that determination lies outside the district court's jurisdiction."); *United States v. Reyes*, No. 15-10119-EFM, 2021 WL 3401343, at *2 & n.12 (D. Kan. Aug. 4, 2021) ("Defendant contends that he should receive a year-long reduction of his prison sentence under the [SCA].   This Act does not provide the Court with authority to reduce Defendant's sentence.") (citing *Calderon*, 801 F. App'x at 732); *United States v. Black*, No. 2:96-CR-20-RWS, 2020 WL 5755003, at *2 (N.D. Ga. June 15, 2020) ("To the extent Defendant

---

[1] The SCA previously was codified at 42 U.S.C. § 17501 *et seq.  See Kim*, 2010 WL 2813770, at *1.

4

seeks relief pursuant to the [SCA], as amended, the Court does not have jurisdiction to 'reverse' the BOP.  As recently explained by the Eleventh Circuit, 'the [SCA] does not authorize a federal court to order the BOP to release a prisoner – the Act only states the Attorney General 'may' release eligible elderly offenders.'") (quoting *Calderon*, 801 Fed. App'x. at 731); *see also United States v. James*, No. 15-CR-255 (SRN), 2020 WL 1922568, at *2 (D. Minn. Apr. 21, 2020) ("Although the First Step Act expanded release opportunities, courts have observed that 'it is BOP – not the courts – who decides whether home detention is appropriate. . . .  [T]he Court lacks jurisdiction to grant James' motion under the First Step Act, Second Chance Act, or CARES Act.") (citations omitted). Defendant's motion will be denied to the extent he seeks relief under the SCA

**IV.   Conclusion.**

It is not clear from Defendant's motion whether he qualifies for relief under § 3582(c), as amended by the FSA.  *See* Doc. 102.  The Court is without authority to grant relief under the SCA.

**IT IS ORDERED** that Defendant's motion to qualify for the First Step Act or the Second Chance Act (Doc. 102) is **denied** without prejudice as set forth above.

Dated this 15th day of November, 2021.

David G. Campbell
Senior United States District Judge

5